```
           IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

UNITED STATES OF AMERICA           *

      vs.                          *   CRIMINAL NO. MJG-11-0095

TROY WILLIAMS, et al.              *

\*       \*       \*       \*       \*       \*       \*       \*       \*

<u>MEMORANDUM AND ORDER RE: MOTION TO WITHDRAW GUILTY PLEA</u>

The Court has before it Defendant Troy Williams's Motion to Withdraw Guilty Plea [Document 85], and the materials submitted related thereto. The Court finds that a hearing is not necessary.

I.  <u>BACKGROUND</u>

On February 23, 2011, Defendant Troy Williams ("Williams") and two co-defendants were indicted in regard to crimes committed in the course of two car-jacking incidents on the night of August 14 – 15, 2010. The six-count indictment charged conspiracy to commit carjacking in violation of 18 U.S.C. § 371, carjacking in violation of 18 U.S.C. § 2119(1), possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and one count of possessing a firearm after being convicted of a felony in violation of 18 U.S.C. § 922(g).

1

Williams was originally represented by appointed counsel Paul D. Hazelhurst, Esquire ("Attorney Hazelhurst").  On or about September 6, 2011, Williams entered into a written plea agreement calling for him to plead "guilty" to Counts One and Three of the Indictment, which charged him with conspiracy to commit carjacking in violation of 18 U.S.C. § 371 and possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  The plea agreement, pursuant to Rule 11(c)(1)(C),[1] provides for a sentence of 144 months subject to Court acceptance.

On October 4, this Court held a Rule 11 proceeding at which the plea was accepted by the Court.

On November 4, 2011, Williams submitted a <u>pro se</u> motion to withdraw his guilty plea [Document 85].  On the same date, Attorney Hazelhurst filed a Motion To Withdraw As Counsel [Document 81].  On November 10, 2011, this Court granted the motion to withdraw as counsel and appointed Alan Bussard, Esquire ("Attorney Bussard") as successor counsel.  Attorney Bussard has submitted a Memorandum In Support Of Defendant's Motion To Withdraw Guilty Plea [Document 101] to which the Government has responded [Document 108].

---

[1] All Rule references herein are to the Federal Rules of Criminal Procedure.

II.  DISCUSSION

Pursuant to Rule 11(d)(2)(B), the Court may permit a defendant to withdraw a plea of guilty after entry of the plea but before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal."  The defendant thus bears the burden of demonstrating a fair and just reason to justify the withdrawal.  United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000); United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991) ("a defendant does not have an absolute right to withdraw a guilty plea, even before sentencing").

"If an appropriately conducted Rule 11 proceeding is to serve a meaningful function, on which the criminal justice system can rely, it must be recognized to raise a strong presumption that the plea is final and binding."  United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).  Thus, "a properly conducted Rule 11 guilty plea colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn."  United States v. Bowman, 348 F.3d 408, 414 (4th Cir. 2003).

A.  Moore Factors

As held in Moore, in determining whether Williams has satisfied his burden, this Court considers the following six factors:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary,
>
> (2) whether the defendant has credibly asserted his legal innocence,
>
> (3) whether there has been a delay between the entering of the plea and the filing of the motion,
>
> (4) whether defendant has had close assistance of competent counsel,
>
> (5) whether withdrawal will cause prejudice to the government, and
>
> (6) whether it will inconvenience the court and waste judicial resources.

931 F.3d at 248.

The Court shall address these factors in turn.

1. Voluntariness

Williams has asserted that the plea agreement was not knowing or voluntary because Attorney Hazelhurst did not inform him that a witness was unavailable for a pretrial motions hearing that was scheduled in June, 2011, and otherwise intimidated him into signing the plea agreement.

This Court conducted a fully proper Rule 11 proceeding, during which Williams, under oath, confirmed that he had no then-present physical or mental issues, and was advised fully of the rights that he was waiving as a result of his guilty plea. Williams affirmed that he understood the terms of the agreement

4

and the rights that he was waiving, and Williams admitted to the facts supporting his conviction. The "unavailable witness" matter is of no moment whatsoever. There was merely a need to change the date of a motion hearing because of a police officer's schedule.

   2.  Actual Innocence.

Williams does not assert his actual innocence. In fact, he stipulated to facts establishing his guilt and confirmed his guilt under oath during the Rule 11 proceeding.

   3.  Delay

Williams filed the instant motion reasonably promptly after pleading guilty. See Moore, 931 F.3d at 248 (holding that six weeks was evidence of "long delay").

   4.  Competent Counsel

"To justify a withdrawal of a guilty plea on the basis of ineffective assistance of counsel, a defendant must show 1) that his counsel's actions fell below an objectively reasonable standard, and 2) that but for the attorney's errors, it is reasonably probable that the defendant would have chosen to face trial rather than plead guilty." United States v. Dyess, 478 F.3d 224, 237 (4th Cir. 2007).

There is nothing whatsoever to indicate Attorney Hazelhurst's representation at any time fell below an objectively reasonable standard.  Attorney Hazelhurst stated during the Rule 11 proceeding that he met with Williams "at least ten times" about the case, and Williams stated under oath that he was "satisfied" with counsel's representation. Moreover, there is nothing to suggest that Attorney Hazelhurst provided anything less than exemplary professional service to Williams.  Indeed, there is nothing whatsoever to indicate that there was – or is – any reasonable possibility of success should Williams proceed to trial.

### 5. Prejudice to the Government

Were Williams to proceed to trial there would be no "prejudice" to the Government in the sense that the Government took any action in reliance upon the guilty plea.

### 6. Court Inconvenience and Resources

Should Williams proceed to trial, he would be tried separately from the other defendants due to potential Bruton issues.  This could be said to inconvenience the Court and, more significantly, the witnesses (particularly the victims). However, the inconvenience is the same as would exist had Williams not pleaded guilty.

B.  <u>Resolution</u>

The Court finds that Williams presents no plausible contention of innocence, no suggestion of a potentially viable defense, and no basis to find that he was less than competently represented.  Moreover, as found in a properly conducted Rule 11 proceeding, Williams made a voluntary decision to plead guilty pursuant to the plea agreement at issue.  The absence of undue delay, prejudice or inconvenience does not – by any means – outweigh the strong presumption that the guilty plea was final and binding.

III.  <u>CONCLUSION</u>

For the foregoing reasons:

1. Defendant Troy Williams's Motion to Withdraw Guilty Plea [Document 85] is DENIED.

2. Defendant Williams retains the right, pursuant to Rule 11(c)(1)(C), to withdraw his guilty plea should the Court decline to impose the sentence agreed upon in the plea agreement.

SO ORDERED, on <u>Friday, January 20, 2012</u>.

_____/s/_____
Marvin J Garbis
United States District Judge